IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 11-30382-HCM |
| STEPHEN PATRICK TULLIUS, d/b/a ) | |
| PREMIUM BLUE RIBBON HOMES, ) | |
| LLC, d/b/a BLUE RIBBON HOMES, ) | Chapter 13 |
| d/b/a ELEVEN-SEVENTEEN, LLC, ) | |
| d/b/a BR PRODUCTS & SERVICES, ) | |
| LLC, d/b/a BUSINESS MASTERY ) | |
| GROUP, LLC, ) | |
| ) | |
| Debtor. ) | |

## WASHINGTON FEDERAL SAVINGS'S ANSWER IN OPPOSITION TO LA TIERRA INTERIORS, INC. AND LA TIERRA INTERIORS SOLID SURFACES, LLC'S MOTION FOR LEAVE TO APPEAL

Pursuant to Federal Rule of Bankruptcy Procedure 8003(a), **Washington Federal Savings** ("WFS") respectfully files this answer in opposition to the Motion for Leave to Appeal ("Motion for Leave") filed by La Tierra Interiors, Inc. and La Tierra Interiors Solid Surfaces, LLC's (collectively the "Movants"):

### I.

### RELEVANT PROCEDURAL HISTORY

1. On May 25, 2011, Movants served a Subpoena for Rule 2004 Examination ("Subpoena") on WFS. The Subpoena was issued in the above-styled and numbered bankruptcy case. Notably, WFS was not a party to the bankruptcy case and the Subpoena was not issued in the context of a discrete adversary proceeding or contested matter.

2. On June 9, 2011, WFS moved to quash the Subpoena. On June 29, 2011, the Court

held a hearing on WFS's motion to quash. The Court quashed the Subpoena as to certain documents while ordering WFS to produce certain other documents at Movants' expense.

3. On July 26, 2011 Movants moved to compel additional production and sought sanctions, to which WFS responded on July 29, 2011. The Court held an expedited hearing on Movants' motion to compel on August 3, 2011. At that hearing the Court denied Movants's requested relief and ordered Movants' counsel to pay $1,000.00 in attorney's fees.

4. On August 3, 2011 the Bankruptcy Court entered its Order Regarding Washington Federal Savings's Motion to Quash Subpoena for Rule 2004 Examination and its Order Regarding Motion to Compel Washington Federal Savings's Compliance With Court Orders and for Sanctions ("Discovery Orders"), setting out its rulings on WFS's motion to quash and Movants' motion to compel.

5. Movants filed a Notice of Appeal on August 17, 2011, appealing the Discovery Orders.

6. On August 18, 2011, Movants filed their Motion for Leave seeking leave to appeal the Discovery Orders.

## II.

## ARGUMENT AND AUTHORITIES

### A.

*Movants' Motion for Leave to Appeal Is Untimely Made.*

7. A United States district court only has jurisdiction over an appeal taken from (1) a bankruptcy court's final judgment, order, and decree; (2) a bankruptcy court's interlocutory order and decree issued under Title 11, section 1121(d), of the United States Code; or (3) a bankruptcy's

court's interlocutory orders and decrees with leave of court.[1] 28 U.S.C. § 158(a). Hence, a district court may only consider a bankruptcy court's interlocutory order if the district court grants leave to appeal. *In re Kizzee-Jordan*, 626 F.3d 239, 241 (5th Cir. 2010).

8. Federal Rule of Bankruptcy Procedure 8002 ("Rule 8002") provides a party with fourteen days in which to file a notice of appeal. FED. R. BANKR. P. 8002(a). "To appeal a bankruptcy court's interlocutory order, a party must file a notice of appeal, accompanied by a motion for leave to appeal." *Stumpf v McGee*, 258 F.3d 392, 397 (5th Cir. 2001); FED. R. BANKR. P. 8001(b).

9. Movants' Motion for Leave expressly seeks leave to appeal under section 158(a)(3), Title 28 of the United States Code, which only allows an interlocutory appeal with leave of the district court. *See* 28 U.S.C. § 158(a)(3).

10. By the express language of Rule 8002, any motion for leave to file an appeal of the Discovery Orders was due August 17, 2011.

11. Movants did not file the Motion for L until August 18, 2011 [ECF No. 48], one day too late.

12. Although the Court may treat Movants' Notice of Appeal (filed August 17, 2011) as a motion for leave to appeal, it need not. *See* FED. R. BANKR. P. 8003(c).

13. Therefore, because Movants' Motion for Leave is untimely and because Movants' Notice of Appeal presents no valid grounds for an interlocutory appeal, as discussed *infra*, the Motion for L should be denied.

---

[1] In limited circumstances when the matter is a Chapter 11 matter, an appeal may be taken "with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a)(3). As this matter is a Chapter 13 matter, section 158(a)(3) does not apply.

**B.**

*Movants' Motion for Leave to Appeal*
*Does Not Satisfy the Grounds for an Interlocutory Appeal.*

14. In determining whether in their discretion they should grant motions for leave to appeal an interlocutory order of a bankruptcy court, district courts in the Fifth Circuit consider the standard set forth in section 1292(b), Title 28 of the United States Code.[2] *See, e.g., Sims v. Sunnyside Land, LLC*, 425 B.R. 284, 290 (W.D. La. 2010) (relying on section 1292(b) factors to determine efficacy of interlocutory appeal of bankruptcy court order); *In re Red River Energy, Inc.*, 415 B.R. 280, 284 (S.D. Tex. 2009) (same). Interlocutory appeals should be granted only in exceptional circumstances. *Robinson v. Roberts & Stevens, P.A.*, 2010 WL 3618434 (W.D.N.C. 2010).

15. The district courts of the Fifth Circuit are not alone in their consideration of section 1292(b) to determine whether an interlocutory appeal of a bankruptcy court order is warranted. *See, e.g., In re Rood*, 426 B.R. 538, 548 (D. Md. 2010) (adopting standard of 28 U.S.C. § 1292(b) to determine whether to grant interlocutory appeal of bankruptcy order); *see also Yerushalmi v. Shibolelth*, 405 B.R. 44, 47 (E.D.N.Y. 2009) (same); *In re Phila. Newspapers, LLC*, 418 B.R. 548, 556-57 (E.D. Pa. 2009) (same); *In re Seminole Walls & Ceilings Corp.*, 388 B.R. 386, 390-91 (M.D. Fla. 2008) (same); *In re Ragle*, 395 B.R. 387, 395 (E.D. Ky. 2008) (same); *In re ASC Inc.*, 386 B.R. 187, 191 (E.D. Mich. 2008) (same); *In re Traversa*, 371 B.R. 1, 4 (D. Conn. 2007) (same); *Patrick v. Dell Fin. Servs.*, 366 B.R. 378, 385 (M.D. Pa. 2007) (same); *In re Beal*, 347 B.R. 87, 89 (E.D.

---

[2] The Fifth Circuit has not formulated a test to determine whether an interlocutory appeal is appropriate under section 158(a)(3), but has found the section 1292(b) factors to be instructive. *See Matter of Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991) (noting interlocutory appeal from bankruptcy court order fit squarely within section 1292(b)'s statutory requirements).

Wis. 2006) (same); *In re Pac. Forest Prods. Corp.*, 335 B.R. 910, 919 (S.D. Fla. 2005) (same); *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147, 156 (D.N.J. 2005) (same); *WCI Steel, Inc. v. Wilmington Trust Co.*, 338 B.R. 1, 13 (N.D. Ohio 2005) (same); *Farmers State Bank of Neb. v. Citizens Bank*, 292 B.R. 188, 194 (D. Neb. 2003) (same); *In re Pac. Gas & Elec. Co.*, 280 B.R. 506, 515 (N.D. Cal. 2002) (same); *In re Swyter*, 263 B.R. 742, 748-49 (D.V.I. 2001) (same); *In re Big Rivers Elec. Corp.*, 266 B.R. 100, 104 (W.D. Ky. 2000) (same); *In re Sunflower Racing, Inc.*, 218 B.R. 972, 977-78 (D. Kan. 1998 (same); *In re Marvel Entm't Grp., Inc.*, 209 B.R. 832, 837 (D. Del. 1997) (same); *Trustee of Jartran, Inc. v. Winston & Strawn*, 208 B.R. 898, 900 (N.D. Ill. 1997) (same); *Merchants Bank v. Vescio*, 205 B.R. 37, 40 (D. Vt. 1997) (same); *In re U.S. Lines, Inc.*, 199 B.R. 465, 471 (S.D.N.Y. 1996) (same); *Ne. Sav., F.A. v. Geremia*, 191 B.R. 275, 277 (D.R.I. 1996) (same).

16. Section 1292(b) sets forth three statutory requirements for an interlocutory appeal: (1) a controlling question of law at issue; (2) a substantial difference of opinion; and (3) material advancement of the ultimate termination of the litigation due to the immediate appeal. 28 U.S.C. § 1292(b); *see also DDB Techs., LLC v. MLB Advance Media, LP*, 676 F. Supp. 2d 519, 533 (W.D. Tex. 2009) (certifying interlocutory appeal because there was a controlling question of law over which there was substantial difference of opinion, the resolution of which would advance termination of litigation).

17. Here, Movants' Motion for Leave does not satisfy any of these requirements.

18. First, Movants's appeal seeks review of the Bankruptcy Court's rulings on discovery motions and discovery sanctions. Neither the discovery motions nor the discovery sanctions present a controlling question of law. *See Ramsay v. Bailey*, 531 F.2d 706, 708 (5th Cir. 1976) (stating

motion for interlocutory appeal regarding discovery order was "virtually frivolous"), *see also In re Towers Financial Corporation*, 164 B.R. 719, 721 (D.C.S.D.N.Y. 1994) ("[q]uestions that arise during the course of a bankruptcy proceeding concerning the appropriate scope of discovery and that do not involve controlling questions of law are left to the sound discretion of the court that is fully familiar with the entire proceeding -the bankruptcy judge"). Rather, they are non-appealable, collateral matters.

19. Second, whether a court may compel discovery or sanction a party for its conduct is within the broad discretion of the court. *See Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 545 (5th Cir. 2005); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987); FED. R. CIV. P. 37. Any sanction must be just and otherwise related to the discovery order. *Compaq Computer Corp. v. Ergonome Inc.*, 387 F.3d 403, 413 (5th Cir. 2004).

20. The Bankruptcy Court reviewed the parties' pleadings and heard argument at the hearings on the motion to quash Movants' Subpoena and the motion to compel. It was well within the Bankruptcy Court's discretion to enter the Discovery Orders, and there is no substantial difference of opinion on this point.

21. Moreover, given that counsel for WFS was (1) forced to file a motion to quash an overly broad subpoena; (2) forced to attend a hearing on the motion to quash; (3) forced to file a response to Movants' motion to compel; and (4) forced to attend a hearing on the motion to compel after showing WFS had produced the requisite documents, there is no substantial difference of opinion as to the justness of a $1,000.00 sanction. The sanction was related to the fact that WFS complied with the Court's order to produce enumerated documents, which Movants attempted to expressly circumvent by filing a motion to compel.

22. Finally, Movants' appeal will not materially advance the termination of litigation. In fact, there is no litigation in the bankruptcy case other than the case itself, and there is no showing the case cannot proceed without a ruling on the appeal.

## III.

## CONCLUSION

23. Because Movants' Motion for Leave seeking to appeal the Discovery Orders was untimely made, it should be denied. Alternatively, the Motion for Leave should be denied because Movants have not and cannot make the requisite showing that it involves a controlling question of law over which a substantial difference of opinion exists or that it will materially advance the termination of this litigation.

24. Further, WFS should be awarded attorneys fees in defending the Motion for Leave. As the record in this dispute shows WFS, a non-party subjected to an overly broad Subpoena to begin with, has been required to expend needless attorneys fees in this dispute.

**Wherefore**, Washington Federal Savings respectfully requests the Honorable District Court to deny Movants' Motion for Leave; to award Washington Federal Savings its reasonable attorney's

fees, costs, and expenses incurred in answering the Motion for Leave; and to grant Washington Federal Savings any further and additional relief to which it may be justly entitled at law or in equity.

Respectfully submitted,

KEMP SMITH LLP
P.O. Box 2800
El Paso, Texas 79999-2800
915.533.4424
915.546.5360 (FAX)

By: _____
JAMES W. BREWER
State Bar No. 02965200

Attorneys for Washington Federal Savings

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was delivered by facsimile to Michael R. Nevarez, 538-7413 (FAX), and by first class U.S. mail to the parties listed below, this ___ day of August, 2011.

_____
JAMES W. BREWER

Stephen Patrick Tullius
7840 Pecan Court
El Paso, Texas 79915

W. Matt Watson
Watson & Maynez, P.C.
1123 E. Rio Grande
El Paso, Texas 79902

Stuart C. Cox
1760 N. Lee Trevino
El Paso, Texas 79936

Michael Nevarez
P.O. Box 920786
El Paso, Texas 79902